# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-222 |
| | ) | Judge Nora Barry Fischer |
| | ) | |
| DAVID ANTHONY SOMERVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

### I.   INTRODUCTION

In this case, Defendants David Anthony Somerville and Natel Deque Walker are charged with one count of conspiracy to distribute heroin and fentanyl, "with persons both known and unknown to the grand jury," in violation of 21 U.S.C. § 846, from September 11, 2015 to on or about January 9, 2016 and one substantive count of possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on or about January 9, 2016, at Counts One and Two of the Indictment in Criminal No. 17-222.  (Docket No. 44).   Walker pled guilty to the conspiracy charge at Count One and is awaiting sentencing.  (Docket Nos. 196; 197). Somerville has maintained his not guilty pleas and his case is set for jury selection and trial to commence on Tuesday, January 28, 2020 at 9:30 a.m.  (Docket No. 201).

Presently before the Court is Somerville's Motion in Limine, (Docket No. 203), the Government's Response, (Docket No. 208), and Somerville's Reply, (Docket No. 209). Somerville argues that certain text message communications seized by the Government from his cell phone constitute prior bad acts evidence which must be excluded under Rules 404(b) and/or 403 because his discussions of heroin/fentanyl distribution with unnamed individuals are not relevant to the

1

alleged conspiracy with Walker. (Docket No. 203). The Government counters that the text message communications, all of which took place during timeframe of the conspiracy and involved discussions of sales of fentanyl and heroin or complaints about the quality of same is intrinsic to the charged conspiracy. (Docket No. 208). After careful consideration of the parties' positions, and for the following reasons, Somerville's motion [203] is denied.

## II. LEGAL STANDARD

The Court initially turns to the relevant legal standard. Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs or other acts, may be admissible if: (1) the evidence is intrinsic to the charged offense; or, (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 363, 178 L. Ed. 2d 234 (2010); *United States v. Williams*, 647 F. App'x. 144, 147 (3d Cir. 2016) (same). In the Third Circuit, uncharged acts are considered intrinsic to the charged offense if such acts "directly prove" the charged offense, or are "performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49. This type of evidence is admissible without the need for the government to provide notice to the defense prior to trial or for the Court to provide limiting instructions to the jurors during trial. *Id.* Uncharged acts which do not come within this definition of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

Rule 404(b) provides, in pertinent part, that:

(b) Crimes, Wrongs, or Other Acts.

2

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b). As the Court of Appeals articulated:

> [b]ecause Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." [*United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)]. Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction. *See Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *Caldwell*, 760 F.3d at 277–78.

*United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017).

### III.  DISCUSSION

Somerville contends that Rule 404(b) applies because the text message evidence is extrinsic to the conspiracy charge due to the fact that his codefendant, Walker, is not referenced in the messages and was not involved in the conspiracy during the early months of September through the end of 2015. (Docket Nos. 203; 209).  He essentially argues that the text messages reveal that he was a participant in a separate conspiracy to possess with intent to distribute heroin and fentanyl with other individuals.  (*Id*.).  In response, the Government points out that the Indictment broadly charges that Somerville was involved in a conspiracy "with persons both known and unknown to the grand jury," from September 11, 2015 to on or about January 9, 2016, such that the text

message evidence is intrinsic to Count One. (Docket No. 208). Having considered the parties' disputes, the Court concurs with the Government's position.

To this end, the law is well settled in the Third Circuit that when an indictment charges a defendant with a conspiracy involving named individuals as well as others "known and unknown to the grand jury," the proof at trial of a conspiracy with an unnamed individual does not constitute an impermissible variance from the indictment. *See e.g., United States v. Staten*, 557 F. App'x 119, 122 (3d Cir. 2014) ("Although the government proved that Staten conspired with Jamelle Brooks, who was not a named defendant, the Superseding Indictment alleged that Staten conspired with "persons both known and unknown to the grand jury." […] The government's proof at trial of one of those persons is thus consistent with the charge and not a departure from it."). Rather, such evidence of a defendant conspiring with an unknown individual constitutes intrinsic evidence directly proving the conspiracy offense. *See Green*, 617 F.3d at 249. In addition, evidence of a defendant's drug sales or communications regarding same during the timeframe of a charged conspiracy are generally deemed intrinsic to the conspiracy charge. *See e.g.*, *United States v. Maynard*, 586 F. App'x. 56, 59 (3d Cir. 2015) (evidence of drug sales constitute strong evidence of knowing participation in the conspiracy); *United States v. Gardenhire*, Crim. No. 15-87, 2017 WL 1355151, at *3 (W.D. Pa. Apr. 13, 2017) (holding that the defendant's prior conviction of possession with intent to deliver "within the time frame of the charged conspiracy to distribute and possess with intent to distribute 1 kilogram of heroin and directly proves the charged offense at Count 1").

Contrary to Somerville's position, the Indictment's use of the word "and" merely links Somerville and Walker as "the defendants" charged with violating 21 U.S.C. § 846 by "knowingly, intentionally and unlawfully conspir[ing] with persons, both known and unknown to the grand

jury, to distribute and possess with intent to distribute a quantity and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of […] fentanyl, a Schedule II controlled substance." (*See* Docket No. 44). Hence, the Court finds that the challenged text messages are intrinsic to Count One as such communications took place during the timeframe stated in the Indictment, (September 11, 2015 through January 9, 2016), and the Government proffers that its expert witness will explain that the coded language used therein related to the distribution of fentanyl and/or heroin, including the quality of such controlled substances distributed by Somerville. *See Green*, 617 F.3d at 249. The facts that Walker may not have known of these particular communications or joined the conspiracy at a later point in time do not change the analysis of the intrinsic nature of the text message evidence. *See e.g., United States v. Nolan*, 718 F.2d 589, 595 (3d Cir. 1983) ("the Government need prove only that appellant conspired with at least one of the persons named in the indictment; failure to prove that all named co-conspirators conspired with appellant throughout the period alleged is not fatal to the Government's case and is not in itself prejudicial to appellant.") (further citations omitted). While Somerville claims that the introduction of the text message evidence is unfair and prejudicial, this Court has "'no discretion to exclude it because it is proof of the ultimate issue in the case.'" *United States v. Swan*, 707 F. App'x 99, 106 (3d Cir. 2017) (quoting *United States v. Hoffecker*, 530 F.3d 137, 189 (3d Cir. 2008)) (further quotation omitted). In any event, the Court further holds that the highly probative value of the text message evidence strongly outweighs the other factors set forth in Rule 403. *See Green*, 617 F.3d at 249.

IV. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Somerville's motion in limine [203] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: January 21, 2020

cc/ecf: All counsel of record.

David Anthony Somerville c/o Brian Aston, Esq.